```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**BEN ALANIZ,**

                    **Plaintiff,**

                                                CIVIL ACTION
         **vs.**                                              No. 08-3088-SAC

**SGT. FREEMAN,**

                    **Defendant.**

<u>ORDER</u>

Plaintiff, a prisoner confined in the Douglas County jail in Lawrence, Kansas, proceeds pro se on civil complaint filed under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the $350.00 district court filing fee.

*Motion for Leave to Proceed In Forma Pauperis*

Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through automatic payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).[1]

---

    [1]28 U.S.C. § 1915(b)(2) reads:
"After payment of the initial partial filing fee, the

*28 U.S.C. § 1915A Screening of the Complaint*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff claims he recently discovered that another inmate with a serious staph infection was housed in open population at the jail, and alleges jail staff who refused to move the infected prisoner out of open population exposed plaintiff and other prisoners to a risk of harm. Plaintiff voices concern about potential future damage to his health, and seeks damages and better health screening of prisoners.

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970).

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with "deliberate indifference to serious medical needs of prisoners." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). Plaintiff's complaint does not make clear whether he is confined in the county jail as a pretrial detainee, but the same constitutional standard of

---

prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

"deliberate indifference" to a "serious medical need" still applies. *See* Estate of Hocker ex rel. Hocker v. Walsh, 22 F.3d 995, 998 (10th Cir. 1994)("Under the Fourteenth Amendment's Due Process Clause, pretrial detainees are entitled to the same degree of protection against denial of medical care as that afforded to convicted inmates under the Eighth Amendment."). The "deliberate indifference" standard in Estelle also applies to a claim, normally raised in the context of prison violence, that prison officials failed to take reasonable measures to guarantee the safety of a prisoner from an obvious and substantial risk of harm. Farmer v. Brennan, 511 U.S. 825, 832-34 (1994).

"'Deliberate indifference' involves both an objective and subjective component." Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component requires that the medical need be "sufficiently serious," meaning "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (*quoting* Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)). The subjective component requires the plaintiff to show that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). However, disagreements with the treatment provided by prison medical staff, or the inadvertent or negligent failure to provide medical care, are insufficient to show the deliberate indifference required for an Eighth Amendment violation. *See* Perkins v. Kan. Dep't of Corrs., 165 F.3d 803, 811 (10th Cir.

1999).  Nor does delay in medical treatment constitute an Eighth Amendment violation absent a showing that the delay "resulted in substantial harm."  Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001)(*quotation omitted*).

Having carefully reviewed plaintiff's allegations as liberally construed and as true, the court finds plaintiff's bare and speculative concerns over the *possibility* of harm fail to state any actionable claim of constitutional deprivation.  The court thus finds the complaint is subject to being summarily dismissed because no cognizable constitutional claim is presented for seeking relief under 42 U.S.C. § 1983.

*Notice and Show Cause Order to Plaintiff*

The court thus directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.[2]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed for

---

[2]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that the full $350.00 district court filing fee is to be collected from plaintiff's inmate account as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is to granted twenty (20) days to show cause why the complaint should not be summarily dismissed as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 7th day of May 2008 at Topeka, Kansas.


　　　　　　　　　　　　　　　　 s/ Sam A. Crow
　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　U.S. Senior District Judge