```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS


BEN ALANIZ,

                         Plaintiff,
                                               CIVIL ACTION
           vs.                                 No. 08-3088-SAC

SGT. FREEMAN,

                         Defendant.
```

ORDER

Plaintiff, a prisoner confined in the Douglas County jail in Lawrence, Kansas, proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983. By an order dated May 7, 2008, the court directed plaintiff to show cause why the complaint should not be dismissed because plaintiff's allegations as stating no claim for relief. *See* 28 U.S.C. § 1915A(a)and (b); 28 U.S.C. § 1915(e)(2)(B)(ii). In response, plaintiff filed a number of pleadings, the latest being his request for the voluntary dismissal of his complaint.

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, plaintiff is entitled to dismiss this action voluntarily, and without order of the court, "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed.R.Civ.P. 41(a)(1)(i). The court construes plaintiff's motion as a notice of dismissal, and finds this action is voluntarily dismissed by plaintiff without prejudice.

Plaintiff's request for dismissal of his obligation to pay the remainder of the district court filing fee in this action is denied. By the plain language of 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action or appeal in forma pauperis in a federal court is required to pay the full filing fee. In this case, plaintiff paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and while he is a prisoner, remains subject to collection of the remainder of the $350.00 district court filing fee through automatic payments from his inmate trust account as authorized by 28 U.S.C. § 1915(b)(2).

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss his case (Doc. 10) is treated as plaintiff's notice of his voluntary dismissal, and that the complaint is thereby dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's pending motions (Docs. 4, 7, 8, and 9) are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 7th day of October 2008 at Topeka, Kansas.


   s/ Sam A. Crow   
SAM A. CROW
U.S. Senior District Judge